UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elizabeth Copeland,

    Plaintiff,

v.                                      Case No. 06-14817

Ocwen Bank, FSB, *et al.,*          Honorable Sean F. Cox

    Defendants.
_____/

## **OPINION & ORDER**

Acting *pro se*, Plaintiff Elizabeth Copeland ("Plaintiff") filed this action on September 1, 2006. The matter is currently before the Court on Defendants' "Motion To Dismiss Or, In The Alternative, For Summary Judgment," filed on November 2, 2006. A hearing was held on February 8, 2007. For the reasons that follow, Defendants' motion shall be **GRANTED** and Plaintiff's complaint shall be dismissed.

BACKGROUND

Plaintiff filed this action on September 1, 2006, against Defendants Ocwen Bank, FSB, Ocwen Loan Servicing, LLC (collectively "Ocwen"), and Potestivo & Associates, P.C. ("Potestivo"). Plaintiff's *pro se* complaint contains the following counts: "Breach of Agreement" (Count I); "Fraudulent Concealment" (Count II); "Fraud in the Factum" (Count III); and "Non-Bona Fide Signatures and Original Promissory Note" (Count IV).

In Count I of Plaintiff's Complaint (claim for breach of agreement) Plaintiff asserts as follows:

> 14. That Plaintiff was led to believe Defendant was providing her lawful United States dollars pursuant to their negotiations. Federal Reserve Notes are unlawful by the constitution of the United States.
>
> 15. That Defendant presented Plaintiff with a promissory note wherein which Defendant Used to create a liability for themselves instead of an asset evidencing they did not loan Plaintiff any money. Promissory notes create intrinsic value.
>
> 16. That instead of Plaintiff being the borrower, the bank became the borrower from Plaintiff and there was not an agreement for Plaintiff to provide a loan to the bank. Plaintiff demands to see the original promissory note with the allonge on the Bank.
>
> 17. That the bank used the note to engage in a criminal act giving Plaintiff illegal Consideration and breaching the agreement. The bank didn't record the promissory note as a deposit as determined by the General Accepted Accounting Practices (GAAP).

(Pl.'s Compl. at ¶¶14-17).

In Count II of Plaintiff's Complaint (claim for fraudulent concealment), Plaintiff asserts as follows:

> 19. That Plaintiff has requested the original promissory note be produced and Defendant has Failed or refused to produce and verify the existence of the original not [sic] upon which it asserts its property interest. Without the note being produced there is no evidence of a loan.
>
> 20. That Defendant has failed or refused to disclose the true source of funds used by it to Purchase the promissory note. Gold and silver coins are the only lawful money to purchase the promissory note pursuant to the Coinage Act of April 2, 1792.
>
> 21. The Defendant has refused to disclose the current whereabouts of the original Note. This is necessary to determine who should be compensated.
>
> 22. That Defendant misrepresents the source of funding for the note they insisted on. The Bank creates money by the ledger entries.
>
> 23. That Defendant is concealing material facts relevant to the alleged loan upon which they are attempting to justify their property interest. The U.S.

>   Supreme Court has ruled that the Federal Reserve System cannot lawfully create money.

(Pl.'s Compl. at ¶¶ 19-23).

In Count III of Plaintiff's Complaint (claim for fraud in the factum), Plaintiff asserts the following:

>   25.   That there was misrepresentation as to the nature of the writing the Plaintiff was told to sign pursuant to the alleged agreement, Plaintiff having neither knowledge nor a reasonable opportunity to obtain knowledge of its true character or essential terms.
>
>   26.   That Plaintiff was never informed that the promissory note was to be used by Defendant to obtain loans from and to be sold to other parties using Plaintiff's signature to facilitate the creation of money in Defendant's account.  The U.S. Constitution defines lawful money at Article I, Section 8, clause 5 and Article I, Section 10, clause 1 as Gold and/or Silver coin only.  Neither the Unites States Constitution nor the coinage Act of April 2, 1792 has been repealed.

(Pl.'s Compl. at ¶¶ 25-26).

In Count IV of Plaintiff's Complaint, titled "Non-Bona Fide Signatures and Original Promissory Note," Plaintiff asserts:

>   28.   That Plaintiff has no [sic] numerous occasions requested Defendant provide the original promissory note with an original signature.
>
>   29.   That Defendant does not possess a promissory note with Plaintiff original signature.
>
>   30.   That an alleged copy or a signature is not sufficient.
>
>   31.   That the original promissory note, front and back, associated with the loan is to be produced.
>
>   32.   That any alleged note, front and back, affixed to be borrower's promissory note for endorsement must be produced.
>
>   33.   That due process mandates the production of the requested originals, to

protect against fraud, theft or, deception.

(Pl.'s Compl. at ¶¶ 28-33).

On November 2, 2006, Defendants filed the instant "Motion To Dismiss Or, In The Alternative, For Summary Judgment" [Docket Entry No. 4]. A proof of service, filed along with the Motion indicates that Plaintiff was served with the motion and accompanying brief.

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a party "opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion.

Because Defendants' motion was filed on November 2, 2006, if Plaintiff opposed the motion she was required to file a Response Brief in opposition to the motion no later than November 23, 2006. Plaintiff, however, did not file a brief opposing the motion.

On November 20, 2006, the Court issued a "Notice Setting Motion Hearing" [Docket Entry No. 9] to the parties that advised the parties that Defendant's motion would be heard by the Court on February 8, 2007, at 2:00 p.m.

## ANALYSIS

In their motion, Defendants assert that Plaintiff's complaint should be dismissed: 1) pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim; 2) pursuant to FED. R. CIV. P. 9(b) for failure to allege fraud with particularity; and 3) for failure to properly serve Defendants. Alternatively, Defendants assert that the Court should grant summary judgment in their favor pursuant to FED. R. CIV. P. 56 because: 1) Potestivo owes no contractual duty to Plaintiff and Plaintiff therefore cannot maintain a breach of contract action against it; 2) Plaintiff's fraud

allegations are groundless; 3) Plaintiff's allegations as to the validity of federal reserve notes is frivolous and made in bad faith and have merely been copied from nearly identical complaints filed across the country.[1]

At the February 8, 2007 hearing, Plaintiff was asked to respond to the grounds raised in Defendant's motion. Plaintiff's only response was that she felt she was not given fairness with respect to her house, which she apparently lost in foreclosure. Plaintiff had no response to the various grounds for dismissal asserted in Defendant's motion.

A.      Plaintiff's Complaint Fails To State A Claim.

Even with the more liberal construction accorded a *pro se* litigant's complaint, it is well established that the complaint must still set forth some cognizable claim and that conclusory pleadings are insufficient and will be dismissed. *Chapman v. Tennessee Dept. of Corrections*, 817 F.2d 104, WL 1987 37265 (6th Cir. 1987). A complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

Basic pleading requirements are not abrogated in *pro se* suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Even *pro se* litigants must meet minimum standards, which include pleading their claims with requisite specificity so as to give defendants notice of the claims asserted against them. *Id*. The court is "not required to accept non-specific factual allegations

---

[1] Defendants' motion also recognizes that Plaintiff's Complaint makes scattered references to the Uniform Commercial Code and various statutory provisions and asserts that, to the extent Plaintiff is asserting any claims under the UCC or those provisions, such claims fail legally and factually.

and inferences or unwarranted legal conclusions.*"* *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003).

Under Michigan law, the essential elements of a breach of contract claim are: 1) the existence of a valid and enforceable contract between the parties, 2) the terms of the contract, 3) that defendant breached the contract, and 4) that the breach caused the plaintiff injury. *Timmis v. Sulzer Intermedics, Inc.*, 157 F.Supp.2d 775, 777 (E.D. Mich. 2001)(citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)).

The elements constituting actionable fraud are also well settled and include: 1) a material misrepresentation by defendant, 2) that was false, 3) that defendant knew to be false when made, 4) that defendant made with the intention that it should be acted upon by plaintiff, 5) that plaintiff acted in reliance upon it, and 6) that plaintiff thereby suffered injury. *Timmis, supra*, at 778 (citing *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976)).

Plaintiff's Complaint lacks allegations respecting all the material elements of her breach of contract and fraud claims. Moreover, the Court is satisfied that Plaintiff's only other remaining count, titled "Non-Bona Fide Signatures and Original Promissory Note," fails to state a legally cognizable claim as drafted.

Accordingly, Plaintiff's claims must be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

B.     Plaintiff Has Failed To Plead Fraud With Particularity.

Assuming *arguendo* that Plaintiff had alleged the essential elements of her fraud claims, those claims would still be subject to dismissal pursuant to FED. R. CIV. P. 9(b) because Plaintiff has failed to allege those claims with particularity.

"Pursuant to Federal Rule of Civil Procedure 9(b), in any complaint averring fraud or

mistake, 'the circumstances constituting fraud or mistake shall be stated with particularity.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Id*. (citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

Plaintiff's Complaint contains only general accusations of fraud, with virtually no supporting facts alleged. Indeed, Plaintiff's Complaint does not even identify which of the three named defendants is the subject of her fraud claims, let alone the identify of any representative(s) of that entity who made any fraudulent statement(s). The Complaint also fails to allege the content of the alleged fraudulent statement(s), and the injury that Plaintiff allegedly incurred. Accordingly, Plaintiff has failed to plead her fraud claims with particularity, requiring dismissal of those claims.

Given that the Court is dismissing all claims pursuant to FED. R. CIV. P. 9(b) and 12(b)(6), the Court need not address Defendants' alternative grounds seeking summary judgment pursuant to FED. R. CIV. P. 56.[2]

---

[2] The Court also notes that at the February 8, 2007 hearing, Plaintiff presented counsel and the Court with copies of what appears to be a form requesting a stay of this action due to bankruptcy, which has not been filed in this action. To the extent that Plaintiff intends to seek a stay of this action due to a bankruptcy filing, the Court considers such a request moot given the Court's disposition of Defendant's motion.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendants' Motion for Summary Judgment [Docket Entry No. 4] is hereby **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: February 12, 2007

I hereby certify that on February 12, 2007, a copy of the foregoing document was served upon counsel of record by electronic means and upon Elizabeth Copeland via First Class Mail at the address below:

Elizabeth Copeland
20150 Packard Street
Detroit, MI 48234

        S/Jennifer Hernandez
        Case Manager